1 | Aram Ordubegian (SBN 185142)
2 | M. Douglas Flahaut (SBN 245558)
    Annie Y. Stoops (SBN 286325)
    **ARENT FOX LLP**
3 | 555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
4 | Telephone:   213.629.7400
    Facsimile:    213.629.7401
5 | aram.ordubegian@arentfox.com
    douglas.flahaut@arentfox.com
6 | annie.stoops@arentfox.com

7 | *Proposed* General Bankruptcy and Restructuring
    Counsel for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>**COLDWATER DEVELOPMENT LLC**,<br>a California limited liability company,<br><br>        Debtor and Debtor-in-Possession.<br><br>------------------------------------------------------<br><br>In re<br><br>**LYDDA LUD, LLC**, a California limited liability company,<br><br>        Debtor and Debtor-in-Possession.<br><br>_____<br><br>[x] Affects both Debtors.<br>[ ] Affects Coldwater Development LLC only.<br>[ ] Affects Lydda Lud, LLC only<br><br>        Debtors and Debtors-in-Possession. | *Proposed* Lead Case:<br>Case No.:  2:21-bk-10335-BB<br><br>Chapter 11<br><br><br><br>Case No.:  2:21-bk-10336-BB<br><br>Chapter 11<br><br><br>[Joint Administration Requested]<br><br><br>**MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b) AND LOCAL BANKRUPTCY RULE 1015-1**<br><br>*Concurrently Filed with the Declaration of Mohamed Hadid in Support Thereof.*<br><br>*[No Hearing Required Under Local Bankr. R. 9013-1(q)]* |

**TO THE HONORABLE SHERI BLUEBOND UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

The above-captioned debtors and debtors-in-possession Coldwater Development LLC ("Coldwater") and Lydda Lud, LLC ("Lydda") hereby move (the "Motion") this Court for an order authorizing the joint administration of their chapter 11 cases with Coldwater Development LLC's filing, [Case No. 2:21-bk-10335-BB], being designated as the lead case. This request is made pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1. Coldwater and Lydda shall hereinafter be referred to as the "Debtors." Pursuant to Local Bankruptcy Rule 9013-1(q), an order of joint administration may be entered without further notice and an opportunity for hearing. However, if the Court decides that this Motion requires a hearing, the Debtors request that this Court set the hearing at the earliest time convenient to the Court on whatever notice the Court may direct. By this Motion the Debtors request this Court enter an order, substantially in the form of **Exhibit 1**, providing for joint administration of the cases. This Motion is made and supported by the attached *Declaration of Mohamed Hadid* (the "Hadid Declaration"), which is filed concurrently with this Motion.

## I.

## INTRODUCTORY STATEMENT

The Debtors collectively own six highly prized, vacant, entitled, residential estate lots (collectively, the "Property") totaling 65.61 acres that are located in the Santa Monica Mountains above Beverly Hills.[1] Because the Debtors' primary asset is vacant land and because the Debtors have no employees or ongoing business operations in the traditional sense, the Debtors do not need to use cash collateral and have no need for the type of relief that is typically sought at the beginning of bankruptcy cases through so-called 'first day' motions. Long term, the Debtors expect to monetize the Property by further developing the Property, and upon completion of construction, sell three (3) separate luxury residences. However, in the short term the Debtors expect to be able to refinance the secured debt by way of debtor-in-possession financing and/or exit financing.

---

[1] Coldwater owns two (2) lots identified by the Assessor's Parcel Number (APN) 4387-021-018 and 4387-021-019. Lydda owns four (4) lots identified as APN 4387-022-001, 4387-022-002, 4387-020-001, and 4387-020-009.

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein is Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 1015-1.

## III.

## STATEMENT OF FACTS

A.  **Dispute Concerning the Debtors' Property**

The Property is encumbered by a deed of trust to secure a loan ("Loan") issued by Romspen California Mortgage Limited Partnership (the "Original Lender") for the principal amount of $25 million. The other liens are comparatively nominal and comprise of various liens on account of property taxes that are due and owing as well as an abstract of judgment for unpaid legal fees. The Property was also recently appraised, and according to a third party appraisal report, dated November 15, 2020, the "as is" market value of the Property was $131 million. At this valuation all creditors with valid secured claims against the Debtors are over secured and adequately protected by over $100 million of equity in the Property.

For years the Property has been the subject of a contentious dispute initiated by an activist group called "Friends of the Hastain Trail" (the "State Court Plaintiffs"). In September 2011, the State Court Plaintiffs filed a complaint against the Debtors to, among others, quiet title to a public recreational trail easement through the Property[2]. After receiving an unfavorable decision from the lower court, the Debtors appealed the lower court's ruling and judgment. In a published opinion, the California Court of Appeal reversed the lower court's judgment against the Debtors, and instead, held that a public trail easement had not been established on the Property.[3] The appellate court's decision was made final when the California Supreme Court declined to review the matter.

---

[2] The Los Angeles Superior Court action filed by the State Court Plaintiffs is entitled, *Friends of the Hastain Trail, et al. v. Coldwater Development, LLC, et al.,* Case No. BC469573.

[3] *See Friends of Hastain Trail v. Coldwater Dev. LLC*, 1 Cal. App. 5th 1013 (2016).

On or around September 11, 2020, an entity called, Give Back, LLC ("Give Back"), purchased the Loan from the Original Lender and was assigned the beneficial interest under the related deed of trust recorded against the Property. Shortly thereafter, Give Back initiated foreclosure proceedings against the Debtors. The foreclosure sale was scheduled to occur on January 20, 2021. On September 17, 2020, Give Back also filed a state court action against the Debtors' principal, Mohamed Hadid, for breach of a guaranty agreement related to the Loan.

Around the same time, in September 2020, the Debtors entered into a forbearance agreement to address the loan default. For the last four (4) months, the Debtors sought to refinance the Loan and secure funding from a new lender to pay off Give Back. However, on at least one occasion an interested lender has declined to extend financing to the Debtors for the Property after inspecting the property and finding fraudulent "Public Notice" signs – believed to be posted by the State Court Plaintiffs or other likeminded entities – that encouraged hikers to challenge the Debtors' building permit applications.[4] The fraudulent signs are not only contrary to the final decision of the California Court of Appeals, but they imply that the Property is and will continue to be embroiled in frivolous litigation, which along with the disruptions to the high-end real estate market associated with the global COVID-19 pandemic, have deterred and undermined the Debtors' attempts to refinance the loan.

The Debtors are informed and believe that Give Back is working with or aligned with the State Court Plaintiffs to impose an unauthorized easement on the Property and deprive the Debtors' of their property rights. When efforts to resolve the loan default with Give Back failed and the Debtors' attempts to refinance the Loan continued to be undermined by the appearance of fraudulent notices, the Debtors filed for chapter 11 bankruptcy relief to preserve and maximize the Property's value.

**B.    Commencement of Chapter 11 Cases**

On January 15, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"). With substantial equity in the

---

[4] The "Public Notice" signs are fraudulent because they are *not* posted by an official governmental entity in accordance with applicable state or federal law, but were put on the Property by an individual without permission or authority to be on the Property.

Property, the Debtors intend to obtain new financing and emerge from chapter 11 in a relatively short time.

C.     **Relationship Between Coldwater and Lydda**

Coldwater and Lydda share a common principal.  As illustrated below, Mohamed Hadid is the sole member and 100% owner of Coldwater.  Mr. Hadid is the sole member and 100% owner of AM Family Fund, LLC, which in turn owns Lydda.  An organization chart showing these relationships is set forth below.



IV.

**DISCUSSION**

A.     **Joint Administration of the Cases Will Yield Substantial Administrative Benefits**

Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of the estates when two or more petitions are pending in the same court by a debtor and an affiliate.  *See* Fed. R. Bankr. P. 1015(b) ("If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates.").  A bankruptcy court can avoid any potential prejudice to creditors created by joint administration of the affiliated cases by entering orders as may tend to avoid unnecessary costs and delay.  *See Id*.

Under Local Bankruptcy Rule 1015-1(b), two or more cases pending before the same judge may be jointly administered if it is "supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.  Local Bankr. R. 1015-1(b)(1).

Indeed, the efficiency and utility of permitting joint administration of related cases is widely

recognized. *See e.g. In re American Wagering, Inc.*, 493 F.3d 1067, 1070 (9th Cir. 2007); *see also In re PL Liquidation Corp.*, 305 B.R. 629, 632 (Bankr. D. Del. 2004); *see also In re Parkway Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) (joint administration is designed to promote procedural convenience and cost efficiencies but does not affect substantive rights of creditors or respective debtor estates). As stated in the official Advisory Committee Note:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015, Advisory Committee Note (1983).

Joint administration differs significantly from substantive consolidation, in which the debtors' assets and liabilities are aggregated and, generally, the creditors of the separate entities share *pro rata* in the aggregate net value of the estates. *See In re Standard Brands Paint Co.*, 154 B.R. 563, 567 (Bankr. C.D. Cal. 1993); *see also In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, by contrast, is merely procedural; each of the debtors' estates remains a separate legal entity, and creditors' individual rights to each estate are preserved. *See Parkway Calabasas Ltd.*, 89 B.R. at 836-37; *see also In re H.H. Distribs., L.P.*, 400 B.R. 44, 54 (Bankr. E.D. Pa. 2009); *In re Ben Franklin Retail Stores, Inc.*, 214 B.R. 852, 857 (Bankr. N.D. Ill. 1997). Thus, joint administration does not in itself prejudice the rights of any creditor.[5]

Under the Bankruptcy Code, Coldwater and Lydda are recognized as "affiliates," and therefore the Debtors' chapter 11 cases are appropriate for joint administration as contemplated under Fed. R. Bankr. P. 1015(b). *See* 11 U.S.C. § 101(2)(B) (an "affiliate" means a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote… by an entity that directly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the Debtor…").

Joint administration will greatly reduce the costs of administering the Debtors' chapter 11

---

[5] The Debtors are evaluating whether substantive consolidation is appropriate here and upon further review may bring a motion to substantively consolidated the two Debtors and their chapter 11 cases. Any motion for substantive consolidation, however, will be noticed for a hearing and brought on regular notice.

cases, eliminate the substantial confusion and waste created by maintaining separate dockets, and reduce the burden that the cases will place on the bankruptcy court system. Indeed, absent joint administration, an enormous amount of duplication will occur at substantial costs to the estates without any benefit to creditors. Such duplication will also divert valuable resources away from addressing substantive issues, including maximizing the value of the estates for all affected parties. Benefits to the Court include obviating the need for duplicative orders and maintaining duplicative files in each case. Additionally, any reorganization of the Debtors will likely require a coordinated approach and may include filing a joint plan of reorganization.

Moreover, if this Motion is not granted, the creditors will also be burdened. As with the Debtors, the creditors will also be required to file multiple copies of pleadings in each of the cases. By jointly administering the estates, creditors will receive notice of all matters involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their interests.

**B.    The Joint Administration Procedures**

The Debtors propose that the joint administration of these Cases be implemented as follows:

*Captions:* The captions of these Cases will be modified to reflect the joint administration of the Cases in the form set forth in **Exhibit A** as attached to the proposed Order.

*Pleadings:* The Clerk of the Court will maintain a single docket [under Case No. 2:21-bk-10335-BB] for both cases for the filing, lodging, and docketing of all pleadings, orders, and all other papers (including notices of hearings in any of the cases) in these cases, all of which will be filed under the case number assigned to Coldwater, using the caption in the form set forth in **Exhibit A** as attached to the proposed Order**.**

*Notices:* The Debtors and other parties in interest shall be authorized, to utilize a combined service list for the Cases and combined notices will be sent to the creditors of the estates.

*Proofs of Claim:* Because the Debtors are separate entities, and unless the Court orders that the cases be substantively consolidated, proofs of claim should be captioned and filed against the particular estate against which a claim is asserted. To that end, separate claims registers for each estate will be maintained.

***Schedules of Assets and Liabilities:*** The Debtors' schedules will be kept separate. Each of the Debtors will file their own Schedules of Assets and Liabilities and Statement of Financial Affairs in their respective cases.

***Notice of Entry of Order:*** Pursuant to Local Bankruptcy Rule 1015-1(b)(3), upon entry of an order granting this Motion, the Debtors will file their *Notice of Joint Administration of Cases and Requirements for Filing Documents (Form 1015-1.1)* (the "Notice of Joint Administration"), in the form attached to the proposed Order as **Exhibit B**, and serve such notice on creditors holding the 20 largest unsecured claims and the United States Trustee.

C. **Were an Actual Conflict to Arise in the Course of the Debtors' Cases, the Court May Alleviate Any Prejudice to Creditors Pursuant to Its Discretion Under Bankruptcy Rule 1015**

If an actual conflict arises among the estates in the future, through the Court's broad powers to oversee the joint administration of these cases, the Court could easily limit joint administration to the extent necessary to alleviate any prejudice such conflict may cause to creditors. *See* Fed. R. Bankr. P. 1015(c) ("while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay."). Exercising its discretion under this Rule, the Court should be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors if and when the need arises. Until a conflict arises, there is no reason why the Court should not authorize joint administration.

V.

**CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that this Court: (1) enter an order, substantially in the form of **Exhibit 1**, granting this Motion and authorizing the joint administration of the cases; and (2) grant such other and further relief as the Court deems just and appropriate.

*[Signature on the Following Page]*

| | |
|---|---|
| Dated:   January 19, 2021 | **ARENT FOX LLP** |
| | By: /s/ *Annie Y. Stoops* |
| | Aram Ordubegian |
| | M. Douglas Flahaut |
| | Annie Y. Stoops |
| | *Proposed* General Bankruptcy and Restructuring Counsel for Debtor and Debtor-in-Possession |

# EXHIBIT 1

*Proposed Order*

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Aram Ordubegian (SBN 185142)<br>M. Douglas Flahaut (SBN 245558)<br>Annie Y. Stoops (SBN 286325)<br>**ARENT FOX LLP**<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone:    213.629.7400<br>Facsimile:    213.629.7401<br>aram.ordubegian@arentfox.com<br>douglas.flahaut@arentfox.com<br>annie.stoops@arentfox.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Proposed General Bankruptcy and Restructuring Counsel for: Debtor and Debtor-In-Possession* | |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br>COLDWATER DEVELOPMENT LLC,<br>a California limited liability company,<br><br>      Debtor and Debtor-in-Possession | LEAD CASE NO.: 2:21-bk-10335-BB<br>CHAPTER: 11<br>JOINTLY ADMINISTERED WITH:<br>CASE NO.: 2:21-bk-10336-BB |
|---|---|
| In re:<br>LYDDA LUD, LLC, a California limited liability company,<br><br>      Debtor and Debtor-in-Possession | ☐ See attached for additional Case Numbers |
| ☒ Affects all Debtors<br>☐ Affects G-Star Raw Retail Inc. only<br>☐ Affects G-Star Inc. only<br><br>      Debtors and Debtors-in-Possession | **ORDER ☒ GRANTING ☐ DENYING MOTION TO APPROVE JOINT ADMINISTRATION OF CASES**<br><br>**[LBR 1015-1, 9013-1 (q)]**<br><br>[No Hearing Required] |

On *(date)* January 19, 2021 , a motion was filed requesting approval of joint administration of cases identified in the caption above, with the lead case being In re COLDWATER DEVELOPMENT LLC, a California limited liability company , case number 2:21-bk-10335-BB .

Having reviewed the motion, IT IS ORDERED THAT:

1. The motion is: ☒ Granted  ☐ Denied

2. Promptly upon entry of an order granting a motion to approve joint administration:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*      Page 1      F 1015-1.1.ORDER.JOINT.ADMINISTRATION

10

a) Using the mandatory court form, the movant must file a Notice of Joint Administration of Cases and Requirements for Filing Documents (Notice).

b) To facilitate service of the Notice by NEF to registered CM/ECF users, the Notice must be filed in each case being jointly administered.

c) The Notice must be served via United States mail on all creditors and interest holders in each case being jointly administered.

d) To facilitate notice of documents sent by the court via the Bankruptcy Noticing Center, the movant must file in the lead case an amended master mailing list that contains the name and mailing address of all creditors and interest holders from each case being jointly administered.

3. Other:
To reflect the joint administration of the cases identified in the caption above, the caption will be modified in the form attached hereto as **Exhibit A**.

The movant will file the Notice in the form attached hereto as **Exhibit B** to each respective case identified in the caption above.

###

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*　　　　　　　　　　　　　　　　Page 2　　　　　　　　　　**F 1015-1.1.ORDER.JOINT.ADMINISTRATION**

11

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br>**COLDWATER DEVELOPMENT, LLC,** a California limited liability company,<br><br>        Debtor and Debtor-in-Possession.<br>--------------------------------------------------------<br>In re<br>**LYDDA LUD, LLC**, a California limited liability company,<br><br>        Debtor and Debtor-in-Possession.<br>_____<br><br>[ ] Affects both Debtors.<br>[ ] Affects Coldwater Development LLC only.<br>[ ] Affects Lydda Lud, LLC only.<br><br>        Debtors and Debtors-in-Possession. | Lead Case No.: 2:21-bk-10335-BB<br><br>Chapter 11<br><br>[Jointly Administered with<br>Case No. 2:21-bk-10336-BB] |

###

# EXHIBIT B

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Aram Ordubegian (SBN 185142)<br>M. Douglas Flahaut (SBN 245558)<br>Annie Y. Stoops (SBN 286325)<br>**ARENT FOX LLP**<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone:     213.629.7400<br>Facsimile:      213.629.7401<br>aram.ordubegian@arentfox.com<br>douglas.flahaut@arentfox.com<br>annie.stoops@arentfox.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Proposed General Bankruptcy and Restructuring Counsel:* Debtor and Debtor-in-Possession | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>**COLDWATER DEVELOPMENT LLC**,<br>a California limited liability company,<br><br>                            Debtor and Debtor-in-Possession<br>-------------------------------------------------------------<br>In re:<br>**LYDDA LUD, LLC**, a California limited liability company,<br><br><br>                            Debtor and Debtor-in-Possession | LEAD CASE NO.: 2:21-bk-10335-BB<br><br>CHAPTER: 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.: 2:21-bk-10336-BB<br><br><br><br><br>☐ See attached for additional Case Numbers |
| ☒ Affects All Debtors<br><br>☐ Affects G-Star Inc. only<br><br>☐ Affects G-Star Raw Retail Inc. only<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ See attached for additional Debtors<br><br>                            Debtors and Debtors-in-Possession | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES: An order was entered on (*date*) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                                                                    Page 1                          **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

15

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court- approved form.

6. **Other**:

Date: January 19, 2021                          By: /s/ Annie Y. Stoops
                                                    Signature
                                                    Annie Y. Stoops

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*            Page 2            **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b) AND LOCAL BANKRUPTCY RULE 1015-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **01/19/2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **01/19/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/19/2021 | AYLIN SOOKASSIANS | */s/ Aylin Sookassians* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

AFDOCS/23591495.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eryk R Escobar on behalf of U.S. Trustee United States Trustee (LA)
eryk.r.escobar@usdoj.gov

M Douglas Flahaut on behalf of Debtor Coldwater Development LLC
flahaut.douglas@arentfox.com

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA)
kenneth.g.lau@usdoj.gov

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Aram Ordubegian on behalf of Debtor Coldwater Development LLC
ordubegian.aram@arentfox.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

Annie Y Stoops on behalf of Debtor Coldwater Development LLC
annie.stoops@arentfox.com, yvonne.li@arentfox.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**
AFDOCS/23591495.1