DAVID SEROR - Bar No. 67488
JESSICA L. BAGDANOV - Bar No. 281020
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dseror@bg.law
          jbagdanov@bg.law

Attorneys for Sam Leslie,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>COLDWATER DEVELOPMENT, LLC,<br>A California limited liability company,<br><br>    Debtor.<br>_____<br>In re<br><br>LYDDA LUD, LLC, a California limited liability company,<br><br>    Debtor.<br>_____<br>☒ Affects both Debtors.<br>☐ Affects Coldwater Development LLC only.<br>☐ Affects Lydda Lud, LLC only.<br>    Debtors. | Case No. 2:21-bk-10335-BB<br><br>Chapter 11<br><br>Jointly Administered with<br>Case No. 2:21-bk-10336-BB<br><br>**CHAPTER 11 TRUSTEE'S MOTION TO CLARIFY ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER: APPROVING RETENTION OF THREESIXTY ASSET ADVISORS, LLC AND WFS INC. DBA TRANZON ASSET STRATEGIES AS AUCTIONEERS PURSUANT TO 11 U.S.C. § 327 AND APPROVING AUCTIONEER'S PROPOSED COSTS; DECLARATIONS OF DAVID SEROR AND SAM LESLIE**<br><br>Application for Order Shortening Time Filed Concurrently Herewith<br><br>Hearing on Shortened Notice:<br><br>Date: To be set<br>Time: To be set<br>Place: Courtroom 1539<br>         Edward R. Roybal Federal Building<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

1

2768916

Case 2:21-bk-10335-BB    Doc 245    Filed 02/14/22    Entered 02/14/22 15:09:34    Desc
Main Document      Page 2 of 10

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS AND THEIR COUNSEL, CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

Sam S. Leslie, the duly appointed and acting Chapter 11 Trustee (the "Trustee") of the bankruptcy estates ("Estates") of Coldwater Development, LLC ("Coldwater Debtor") and Lydda Lud, LLC ("Lydda Debtor") (collectively, the "Debtors"), hereby moves (the "Motion") this Court for entry of an order clarifying the proposed order granting chapter 11 trustee's motion for order: approving retention of ThreeSixty Asset Advisors, LLC and WFS Inc. dba Tranzon Asset Strategies as auctioneers pursuant to 11 U.S.C. § 327 and approving auctioneer's proposed costs; and specifically clarifying the circumstances whereby secured creditor Give Back would be required to pay a buyer's premium.

## MOTION

This Motion arises from the hearing held February 9, 2022 on the Trustee's *Motion For Order Approving Retention of ThreeSixty Asset Advisors, LLC and WFS Inc., dba Tranzon Asset Strategies as Auctioneers Pursuant to 11 U.S.C. § 327 and Approving Auctioneer's Proposed Costs* (the "Motion to Employ") [Doc. 226]. In general, the Motion to Employ provides that a successful bidder on the Property (as defined in the Motion to Employ) would be required to pay a Buyer's Premium of 3% of the successful bid. At the hearing, a discussion was had, on the record, concerning the circumstances under which secured creditor Give Back would be required to pay a Buyer's Premium. During that discussion, David Seror, counsel for the Trustee stated that Give Back would not be required to pay a Buyer's Premium on its credit bid. That is a correct statement and the Motion to Approve Bid Procedures, yet to be filed, will contain language to that effect. However, the discussion on this issue also included whether Give Back would be required to pay a Buyer's Premium on amounts bid in excess of its credit bid. In the course of that discussion, Seror mistakenly stated a Buyer's Premium of 3% would be required solely on the difference between the credit bid amount and the actual amount bid. That statement was incorrect, as the Motion to Approve Bid Procedures will provide that in the event secured creditor Give Back determines to bid in excess of its credit bid, Give Back would be required and obligated to pay a Buyer's Premium on

2

the totality of its successful bid, not just the amount by which the successful bid exceeds the credit bid amount.  The incorrect information was provided by Seror in error.  In general terms, and without waiving attorney-client privilege, there had been discussions among Trustee's counsel and the auctioneers about the circumstances under which Give Back would be required to pay a Buyer's Premium and how that amount would be calculated.  While it was discussed that perhaps Give Back would be required to pay a Buyer's Premium on the difference between its credit bid and successful bid, it was ultimately determined that it would be fairer to other bidders and provide a more competitive bid process if Give Back were required to pay a Buyer's Premium on its entire successful bid not just the difference.  At the hearing on the Motion to Employ, Seror mistakenly referred to prior discussions and not the final determination made by the Trustee that it would be a fairer and more competitive bid process if Give Back would be obligated to pay a Buyer's Premium on the entirety of its credit bid.

On February 9, 2022, after the hearing, Seror spoke with counsel for Give Back and told them that he misspoke at the hearing and that the Bid Procedures Motion would provide that Give Back would be obligated to pay a Buyer's Premium on its entire successful bid if its bid exceeded its credit bid.  Efforts to arrive at a consensual order following the Motion to Employ were not successful, and this motion is now required.

## **CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that the Court enter an order:

1. Granting this Motion;

2. Authorizing the Trustee to include the following language in the order granting the Motion to Employ:

> In the event Give Back, LLC purchases any or all of the Properties for amount(s) up to its allowed credit bid, no Buyer's Premium will be assessed. In the event that Give Back, LLC purchases one or all of the Properties for a total exceeding its credit bid amount, then Give Back, LLC will be assessed the Buyer's Premium on the entire bid amount which shall be distributed as follows: 1.5% to the Estate and 1.5% to the Auctioneer;

and,

3. Granting to the Trustee such other and further relief as the Court deems just and proper under the circumstances.

DATED: February 14, 2022                BG LAW LLP


                                        By: /s/ David Seror
                                            David Seror
                                            Jessica L. Bagdanov
                                            Attorneys for Sam Leslie, Chapter 11 Trustee

2768916

**DECLARATION OF DAVID SEROR**

I, David Seror, declare:

1. I am an attorney authorized and licensed to practice law in this State and am a member of BG Law, counsel for Sam Leslie, the duly appointed and acting chapter 11 trustee for the bankruptcy estates of Coldwater Development, LLC and Lydda Lud, LLC. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I would and could competently testify thereto under oath.

2. I make this declaration in support of the Motion seeking to clarify the proposed order granting chapter 11 trustee's motion for order approving retention of ThreeSixty Asset Advisors, LLC and WFS Inc. dba Tranzon Asset Strategies as auctioneers pursuant to 11 U.S.C. § 327 and approving auctioneer's proposed costs; and specifically clarifying the circumstances whereby secured creditor Give Back would be required to pay a buyer's premium.

3. On February 9, 2022 a hearing was held on the Trustee's *Motion For Order Approving Retention of ThreeSixty Asset Advisors, LLC and WFS Inc., dba Tranzon Asset Strategies as Auctioneers Pursuant to 11 U.S.C. § 327 and Approving Auctioneer's Proposed Costs* (the "Motion to Employ") [Doc. 226]. In general, the Motion to Employ provides that a successful bidder on the Property (as defined in the Motion to Employ) would be required to pay a Buyer's Premium of 3% of the successful bid.

4. The court's tentative ruling raised the issue of compensation to the auctioneers if the property were sold to a credit bidder in light of a limited objection filed by Give Back. In response to this question, I stated that in the event secured creditor Give Back acquired the Property pursuant to a credit bid, no Buyer's Premium would be owed. That statement is correct, and the Motion to Approve Bid Procedures, which has not yet been filed, will so provide.

5. Then, the issue was raised about whether secured creditor Give Back would be required to pay a Buyer's Premium if it bids in excess of its credit bid amount. I responded that it would be required to pay a Buyer's Premium, however, I mistakenly also added that the Buyer's Premium would be based upon the difference between the successful bid and the credit bid amount. This statement was a mistake and is wrong. The Motion to Approve Bid Procedures, which has not

5

yet been filed, will provide that in the event Give Back is the successful bidder with a bid in excess of its credit bid amount, it will be required and obligated to pay a Buyer's Premium on the entirety of its successful bid.

6. In the course of employing the auctioneer, there were several discussion with the Trustee and the auctioneers about the circumstances under which Give Back would be required to pay a Buyer's Premium and how that amount would be calculated. There were discussions about limiting the amount of a Buyer's Premium required from Give Back to the difference between its credit bid and successful bid, it was ultimately determined that it would be fairer to other bidders and provide a more competitive bid process if Give Back were required to pay a Buyer's Premium on its entire successful bid not just the difference.

7. At the hearing on the Motion to Employ, I mistakenly referred to those prior discussions and not the final determination made by the Trustee that it would be a fairer and more competitive bid process if Give Back would be obligated to pay a Buyer's Premium on the entirety of its credit bid.

8. On February 9, 2022, after the hearing, I spoke with counsel for Give Back and told them that I had misspoke at the hearing and mistakenly stated that the amount of the Buyer's Premium required of Give Back would be the difference between its credit bid amount and the successful bid. I explained that while that concept had been discussed, it was ultimately determined by the Trustee that Give Back would be obligated to pay a Buyer's Premium on its entire successful bid if its bid exceeded its credit bid.

9. I apologized to counsel for this mistake and now apologize to the Court.

10. Efforts to arrive at a consensual order following the Motion to Employ were not successful, and this motion is now required.

11. I am requesting this hearing on shortened notice so that the parties may proceed with the marketing and auction of the Property as promptly as possible. As the parties' discussed during the hearing on the Motion to Employ, the Trustee hopes to hold an auction of the Property in approximately 6 weeks. Further delay of this matter will only serve to unnecessarily hold up the marketing and sale process. Thus, I request that the Court set this matter for hearing as quickly as

possible given the Court's calendar to resolve this issue prior to the Trustee submitting a bid procedures motion.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of February, 2022, at Los Angeles, California.

_____
David Seror

2768916

## DECLARATION OF SAM S. LESLIE

I, Sam S. Leslie, declare:

1. I am the duly appointed and acting chapter 11 trustee for the bankruptcy estates of Coldwater Development, LLC and Lydda Lud, LLC. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I would and could competently testify thereto under oath.

2. I make this declaration in support of the Motion for an order clarifying the proposed order granting chapter 11 trustee's motion for order: approving retention of ThreeSixty Asset Advisors, LLC and WFS Inc. dba Tranzon Asset Strategies as auctioneers pursuant to 11 U.S.C. § 327 and approving auctioneer's proposed costs; and specifically clarifying the circumstances whereby secured creditor Give Back would be required to pay a buyer's premium.

3. In the course of employing the auctioneers, there were discussions about the circumstances under which Give Back would be required to pay a Buyer's Premium and how that amount would be calculated. While it was discussed that perhaps Give Back should be required to pay a Buyer's Premium on the difference between its credit bid and successful bid, it was ultimately determined that it would be fairer to other bidders and provide a more competitive bid process if Give Back were required to pay a Buyer's Premium on its entire successful bid not just the difference.

4. In my business judgment, I believe that in the event Give Back determines to bid in excess of its credit bid, and if Give Back is the successful bidder, then is fair and reasonable for Give Back to pay a Buyer's Premium calculated on the entirety of its bid.

5. It is my opinion and judgment that a fairer and more competitive auction will result if Give Back is required to pay a Buyer's Premium on the entirety of its bid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of February, 2022, at Palm Springs, California.

_____
Sam S. Leslie

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S MOTION TO CLARIFY ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER: APPROVING RETENTION OF THREESIXTY ASSET ADVISORS, LLC AND WFS INC. DBA TRANZON ASSET STRATEGIES AS AUCTIONEERS PURSUANT TO 11 U.S.C. § 327 AND APPROVING AUCTIONEER'S PROPOSED COSTS; DECLARATIONS OF DAVID SEROR AND SAM LESLIE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **February 14, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY UNDER 25 PAGES IS SUSPENDED (GENERAL ORDER 21-05).**

Honorable Sheri Bluebond
United States Bankruptcy Court
255 East Temple Street, Suite 1534
Los Angeles, CA  90012-3332

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 14, 2022 | NIKOLA A. FIELDS | /s/ Nikola A. Fields |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Theodore A Cohen**    tcohen@sheppardmullin.com, amontoya@sheppardmullin.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **M Douglas Flahaut**    flahaut.douglas@arentfox.com
- **Eric J Fromme**    efromme@tocounsel.com, stena@tocounsel.com
- **Asa S Hami**    ahami@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com
- **Christopher J Harney**    charney@tocounsel.com, stena@tocounsel.com
- **Sam S Leslie (TR)**    sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **William N Lobel**    wlobel@tocounsel.com, jokeefe@tocounsel.com;sschuster@tocounsel.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Annie Y Stoops**    annie.stoops@arentfox.com, yvonne.li@arentfox.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Dylan J Yamamoto**    dylan.yamamoto@arentfox.com
- **Robert M Yaspan**    court@yaspanlaw.com, tmenachian@yaspanlaw.com